

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS PRICE and LISA PRICE, h/w<br>407 Camelot Drive<br>Brookhaven, PA 19015 | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | Case No. _____ |
| vs. | : | |
| | : | |
| McWANE, INC.<br>2900 Highway 280, Suite 250<br>Birmingham, AL 35223 | : | |
| | : | |
| and | : | |
| | : | |
| CLOW VALVE COMPANY<br>902 South 2ⁿᵈ Street<br>Oskaloosa, IA 52577-3822 | : | |
| Defendants. | : | |

FILED
OCT 15 2019
KATE BARKMAN, Clerk
By _____ Dep. Clerk

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

Defendants, McWane, Inc. and Clow Valve Company (an incorrectly named non-entity, Division of McWane, Inc.), by and through their attorneys, Rawle & Henderson LLP, respectfully aver as follows:

1.    Plaintiffs, Thomas and Lisa Price, initiated this action on September 17, 2019 in the Court of Common Pleas of the First Judicial District of Pennsylvania alleging Thomas Price received personal injuries on July 6, 2018 while working at 14th Street between Chestnut and Melrose Street, in the city of Chester, Pennsylvania, in Delaware County. (*See* Exhibit A, Plaintiff's Complaint, in accordance with 28 U.S.C. § 1446(a)).

2.    Plaintiffs allege in their Complaint that "[o]n July 6, 2018, Plaintiff Thomas Price, was performing a routine flow test on a Clow F2500 fire hydrant, when the hydrant suddenly and

13134895-1

without warning malfunctions, discharging its top bolt into Plaintiff Thomas Price's face at a high rate speed, causing him permanent, disfiguring, and disabling injuries, including the loss of his left eye." (*See* Exhibit A, Complaint at ¶1).

3.      Plaintiffs' Complaint alleges counts against Defendants for Negligence, Strict Liability, Breach of Implied Warranty, and Punitive Damages, with respect to the alleged manufacturing, assembling, distributing, selling and/or supplying the CLOW F2500 that is alleged to have caused the injuries to plaintiffs. (*See* Exhibit A).

4.      This lawsuit is a civil action within the meaning of 28 U.S.C. §§ 1441(a) and 1446(b), which govern the removal of civil actions to the district courts of the United States. As detailed herein, complete diversity of citizenship exists in the case and removal is appropriate because (a) plaintiffs are citizens of the Commonwealth of Pennsylvania, and no defendant in this action is a citizen of Pennsylvania; and (b) the amount in controversy exceeds the sum or value of $75,000. This action accordingly is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and it is removable pursuant to 28 U.S.C. §§ 1441(a) and 1446(b).

5.      Plaintiffs, Thomas and Lisa Price, were and are citizens of the Commonwealth of Pennsylvania, residing at 407 Camelot Drive, Brookhaven, Pennsylvania, in Delaware County.

6.      Defendant, McWane, Inc., at all material times, was and is incorporated under the laws of the State of Delaware with its principal place of business in Alabama.

7.      Defendant, Clow Valve Company is not a separate corporate entity; rather, it is a division of McWane, Inc., and is located in the State of Iowa.

8.      Based upon a fair reading of the Complaint, plaintiffs set forth claims for compensatory and punitive damages in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake.

-2-

9.     Diversity of citizenship within the meaning of 28 U.S.C. §1332 exists between plaintiffs and defendant(s) since:

(a)     Plaintiffs are citizens of and reside in the Commonwealth of Pennsylvania; and

(b)     Defendant, McWane, Inc., at all material times, was and is incorporated under the laws of the State of Delaware with its principal place of business in Alabama; and

(c)     Defendant, Clow Valve Company, a division of McWane, Inc., shares a state of incorporation of McWane, Inc., in the State of Delaware and has as its principal place of business in Alabama; and

(d)     Plaintiff has set forth a claim which exceeds the jurisdictional limit of $75,000, exclusive of interest and costs.

10.     Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendants are entitled to removal pursuant to 28 U.S.C. §1441 as amended, and 28 U.S.C. §1446.

11.     A "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1446(b)(1).

12.     Plaintiffs' Complaint was filed on September 17, 2019 (*See* Exhibit A) and served on Defendant, McWane, Inc. on or about September 25, 2019.

13.     This removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

-3-

WHEREFORE, defendants, McWane, Inc. and Clow Valve Company (an incorrectly named non-entity, Division of McWane, Inc.) pray that the above captioned action now pending in the Court of Common Pleas of the First Judicial District of Pennsylvania, be removed therefrom to this Honorable Court.

Respectfully submitted,

RAWLE & HENDERSON LLP

Dated:   October 15, 2019

By:   /s/ Brett A. Wolfson
Brett A. Wolfson, Esquire
ID No.:  84860
The Widener Building
One South Penn Square
Philadelphia, Pennsylvania
Telephone: (215) 575-4255
Fax: (215) 563-2583
bwolfson@rawle.com

Attorneys for Defendants,
McWane, Inc. and Clow Valve Company
(incorrectly named non-entity, Division of
McWane, Inc.)

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within captioned Notice of Removal

of Action was served was served by first class mail, postage prepaid, to the following:

KOLSBY, GORDON, ROBIN & SHORE
F. Philip Robin, Esquire
Mitchell J. Shore
Sarah O. Schindler, Esquire
2000 Market Street, Suite 2800
Philadelphia, PA 19103
*Attorneys for plaintiff*

Respectfully submitted,

RAWLE & HENDERSON LLP

Dated:___October 15, 2019___     By:___ /s/ Brett A. Wolfson___
Brett A. Wolfson, Esquire
ID No.: 84860
The Widener Building
One South Penn Square
Philadelphia, Pennsylvania
(215) 575-4255

FILED
OCT 2019

13:34895 1

Exhibit "A"



2000 Market Street, 28th Floor, Suite 2800, Philadelphia, PA 19103
2 15 85. 9700    800 709 5 93   1 4 2 5 85 9 0 1

10 Grove Street, Haddonfield  NJ 08033*
856 795 1303

www.kolsbygordon.com

* Respond to Philadelphia Office

Mitchell J Shore
mshore@kolsbygordon.com

September 17, 2019

**Via: Certified Mail, RRR**
McWane, Inc.
2900 Highway 280, Suite 250
Birmingham, AL   35223

      **Re:   Thomas & Lisa Price vs. McWane, Inc. & Clow Valve Company**
            **CCP; Philadelphia County; September Term, 2019; No. 02084**

To Whom it May Concern:

      I am enclosing with this letter a true and correct copy of a Complaint in Civil Action which was filed in the Philadelphia Court of Common Pleas against McWane, Inc.  Service is being made upon you pursuant to the Pennsylvania Rules of Civil Procedure.

                    Very truly yours,

                    Mitchell J. Shore

MJS/rb
Enclosure

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2019**   002084

E-Filing Number: 1909037523

| | |
|---|---|
| **PLAINTIFF'S NAME** THOMAS PRICE | **DEFENDANT'S NAME** MCWANE, INC. |
| **PLAINTIFF'S ADDRESS** 407 CAMELOT DRIVE BROOKHAVEN PA 19015 | **DEFENDANT'S ADDRESS** 2900 HIGHWAY 280 SUITE 250 BIRMINGHAM AL 35223 |
| **PLAINTIFF'S NAME** LISA PRICE | **DEFENDANT'S NAME** CLOW VALVE COMPANY |
| **PLAINTIFF'S ADDRESS** 407 CAMELOT DRIVE BROOKHAVEN PA 19015 | **DEFENDANT'S ADDRESS** 902 SOUTH 2ND STREET OSKALOOSA IA 52577 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS 2 | TOTAL NUMBER OF DEFENDANTS 2 | COMMENCEMENT OF ACTION |
|---|---|---|

COMMENCEMENT OF ACTION
- [X] Complaint
- [X] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

**AMOUNT IN CONTROVERSY**
- [ ] $50,000.00 or less
- [X] More than $50,000.00

**COURT PROGRAMS**
- [ ] Arbitration
- [X] Jury
- [ ] Non-Jury
- [ ] Other

- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition

- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals

- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

**CASE TYPE AND CODE**
2P - PRODUCT LIABILITY

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED
PRO PROTHY**

SEP 17 2019

A. SILIGRINI

**IS CASE SUBJECT TO COORDINATION ORDER?**   YES   NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: THOMAS PRICE , LISA PRICE

Papers may be served at the address set forth below.

| **NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY** MITCHELL J. SHORE | **ADDRESS** 2000 MARKET STREET 28TH FLOOR PHILADELPHIA PA 19103 |
|---|---|
| **PHONE NUMBER** (215)851-9700 | **FAX NUMBER** (215)851-9701 | |
| **SUPREME COURT IDENTIFICATION NO.** 34697 | **E-MAIL ADDRESS** mshore@kolsbygordon.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** *MITCHELL SHORE* | **DATE SUBMITTED** Tuesday, September 17, 2019, 11:02 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**KOLSBY, GORDON, ROBIN & SHORE**
F. Philip Robin, Esquire
Attorney. I.D. #20026
Mitchell J. Shore, Esquire
Attorney. I.D. #34697
Sarah O. Schindler, Esquire
Attorney I.D. #314912
2000 Market Street, Suite 2800
Philadelphia, PA   19103
(215) 851-9700

**THIS IS NOT AN ARBITRATION MATTER.**
**ASSESSMENT OF DAMAGES HEARING**
**REQUIRED.**

(Attorneys for Plaintiffs)

---

THOMAS PRICE and LISA PRICE, H/W
407 Camelot Drive
Brookhaven, PA  19015
                        *(Plaintiffs)*

     Vs                                          :

McWANE, INC                                      .
2900 Highway 280, Suite 250
Birmingham, AL  35223                   .

     And                                         .

CLOW VALVE COMPANY                   :
902 South 2nd Street
Oskaloosa, Iowa  52577-3822         .      NO
                        *(Defendants)*

COURT OF COMMON PLEAS

PHILADELPHIA COUNTY

TERM, 2019

---

## NOTICE TO DEFEND

You have been sued in court  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff  You may lose money or property or other rights important to you

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE  IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYERS REFERENCE SERVICE**
**One Reading Center**
**Philadelphia, PA  19107**
**(215) 238-6333**
**TTY(215) 451-6197**

**AVISO**

Le han demandado en corte   Si usted quiere defenderse contra las demandas nombradas en las paginas siguientes, tiene viente (20) dias a partir de recibir esta demanda y notificacion para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted   Sea advisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir cualquier otra demanda o alivio solicitados por el demandante.  Usted puede perder dinero o propiedad u otros derechos importantes para usted _

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL.  ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

**SERVICIO de REFERENCIA LEGAL**
**Uno Reading Centro**
**Filadelfia, PA  19107**
**Telefono:  (215) 238-6333**
**TTY(215) 451-6197**

KOLSBY, GORDON, ROBIN & SHORE
F. Philip Robin, Esquire
Attorney. I.D. #20026
Mitchell J. Shore, Esquire
Attorney. I.D. #34697
Sarah O. Schindler, Esquire
Attorney I.D. #314912
2000 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 851-9700

THIS IS NOT AN ARBITRATION
MATTER.  ASSESSMENT OF
DAMAGES HEARING REQUIRED.


(Attorneys for Plaintiffs)

| | |
|---|---|
| THOMAS PRICE and LISA PRICE, H/W<br>407 Camelot Drive<br>Brookhaven, PA   19015<br><br>*Plaintiffs*<br><br>V.<br><br>McWANE, INC.<br>2900 Highway 280, Suite 250<br>Birmingham, AL   35223<br><br>And<br><br>CLOW VALVE COMPANY<br>902 South 2nd Street<br>Oskaloosa, Iowa   52577-3822<br><br>*Defendants* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>_____ TERM, 2019<br><br>NO  _____<br><br><br>**COMPLAINT IN CIVIL ACTION**<br><br>**JURY TRIAL DEMANDED** |

1.     On July 6, 2018, Plaintiff Thomas Price, was performing a routine flow test on a

Clow F2500 fire hydrant, when the hydrant suddenly and without warning malfunctioned,

discharging its top bolt directly into Plaintiff Thomas Price's face at a high rate of speed, causing

him permanent, disfiguring, and disabling injuries, including the loss of his left eye.

## PARTIES

2.    Plaintiff Thomas Price is an adult individual residing at 407 Camelot Drive, Brookhaven, PA 19015.

3.    Plaintiff Lisa Price is the wife of Plaintiff Thomas Price and is also an adult individual residing at 407 Camelot Drive, Brookhaven, PA 19015.

4.    Defendant McWane, Inc. ("McWane"), is a Delaware corporation with its principal place of business at 2900 Highway 280, Ste. 250, Birmingham, AL 35223.

5.    Defendant McWane is registered to do business in Pennsylvania with a registered agent in Bucks County.

6.    Defendant McWane is -- and at all relevant times was -- engaged in the business of designing, manufacturing, assembling, selling, and/or supplying ductile iron products, including pipes, valves, hydrants, fittings, and plumbing products, throughout the United States.

7.    Defendant McWane has purposefully established significant contacts in the Commonwealth of Pennsylvania and has carried out substantial, continuous, and systematic business activities in Pennsylvania and specifically in Philadelphia County.

8.    Defendant Clow Valve Company ("Clow Valve") is an entity organized and existing under the laws of Iowa, with its principal place of business at 902 S. 2nd Street, Oskaloosa, Mahaska County, Iowa, 52577-3822.

9.    Defendant Clow Valve is -- and at all relevant times was -- engaged in the business of designing, manufacturing, assembling, selling, and/or supplying valves and hydrants throughout the United States.

10.     Defendant Clow Valve has purposefully established significant contacts in the Commonwealth of Pennsylvania and has carried out substantial, continuous, and systematic business activities in Pennsylvania and specifically in Philadelphia County.

## FACTUAL ALLEGATIONS

11.     At all relevant times, Plaintiff Thomas Price was employed by the Chester Water Authority as a flow technician and was working within the scope of his employment.

12.     At all relevant times, Defendants acted by and through their agents, servants, and/or employees, who were acting within the scope of their authority and employment.

13.     On or about the morning of July 6, 2018, Plaintiff Thomas Price was performing a routine flow test on a Clow F2500 fire hydrant identified within the Chester Water Authority system as hydrant CC398AO3A, located on the Widener University Campus, on 14th Street between Chestnut Street and Melrose Street, in the city of Chester, Pennsylvania.

14.     As Plaintiff Thomas Price was concluding the flow test, using a hydrant wrench to close the hydrant, the top bolt / hex head capscrew of the hydrant (hereinafter the "top bolt") suddenly and without warning discharged, striking him in the left eye with great force.

15.     The subject Clow F2500 hydrant was designed, manufactured, assembled, distributed, sold, and/or supplied by Defendants.

16.     As a result of Defendants' conduct, Plaintiff Thomas Price suffered catastrophic injuries, including facial/head trauma, loss of the left eye, permanent left eye blindness, ocular laceration with prolapse of intraocular tissue of the left eye, rupture of left globe with lamina papyracea fracture, fracture of left side of orbital floor, cysts, and swelling.

17.     Prior to July 6, 2018, Defendants designed, manufactured, assembled, distributed, sold, and/or supplied, and placed into the stream of commerce, the CLOW F2500 hydrant and other similar products.

18.     Defendants' Clow F2500 hydrant contained design and/or manufacturing defects which caused the top bolt of the CLOW F2500 to dislodge.  Defendant knew of these defects but actively concealed the CLOW F2500's inherently defective nature.

19.     As a direct and proximate result of the carelessness, negligence, gross negligence, strict liability and other liability-producing conduct of Defendants, as more fully discussed below, Plaintiff Thomas Price was caused to sustain serious and permanent personal injuries.

20.     Plaintiff Thomas Price has endured pain and suffering, has suffered economic loss including incurring significant expenses for medical care and treatment, and will continue to incur such expenses in the future.

21.     Plaintiff Thomas Price's injuries and damages are permanent and will continue into the future.

### COUNT I – NEGLIGENCE

22.     Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

23.     Defendants were negligent in the design, manufacture, assembly, distribution, sale, and/or supply of the CLOW F2500.

24.     The injuries sustained by Plaintiff Thomas Price were proximately caused by the negligence, carelessness, gross negligence, and recklessness of Defendants, which consisted of the following:

        a.     designing, manufacturing, assembling, distributing, selling and/or supplying the CLOW F2500 in a defective condition;

b.  designing, manufacturing, assembling, distributing, selling and/or supplying the CLOW F2500 so that it was unreasonably dangerous to its intended and foreseeable users;

c.  designing, manufacturing, assembling, distributing, selling and/or supplying the CLOW F2500 so that it was not safe for all of its intended and foreseeable purposes and uses;

d.  designing, manufacturing, assembling, distributing, selling and/or supplying the CLOW F2500 without all safety elements necessary to protect users;

e.  designing, manufacturing, assembling, distributing, selling and/or supplying the CLOW F2500 without adequate, necessary, and proper warnings and/or instructions;

f.  failing to provide users with adequate, necessary, and proper instructions for inspection and preventative maintenance of the CLOW F2500;

g.  failing to warn users of about the dangers of the CLOW F2500 and how to use the product safely to avoid injury;

h.  designing, manufacturing, assembling, distributing, selling, and/or supplying a product that could be designed more safely;

i.  designing, manufacturing, assembling, distributing, selling and/or supplying a fire hydrant that was prone to the top bolt discharging at a high rate of speed;

j.  designing, manufacturing, assembling, distributing, selling and/or supplying a product with component parts that were of insufficient strength and durability and were prone to corrosion/deterioration;

k.  designing, manufacturing, assembling, distributing, selling and/or supplying a fire hydrant with top bolts that were prone to discharging during operation/testing;

l.  designing, assembling, manufacturing, supplying, selling, installing and/or distributing a fire hydrant that failed to perform as safely as an ordinary consumer would expect when used in an intended and/or foreseeable manner;

m.  designing, assembling, manufacturing, supplying, selling, installing and/or distributing a fire hydrant which deviated from the intended design of the CLOW F2500;

n.   failing to provide purchasers and/or users of the CLOW F2500 with adequate warnings, instructions, and/or training regarding the operation and use of the product;

o.   failing to provide, and/or instruct purchasers to use, a hydrant wrench that would avoid or minimize the risk of the top bolt discharging during operation of the CLOW F2500;

p.   performing inadequate testing and/or repairs to the CLOW F2500;

q.   violating applicable federal, state, local and/or industry standards;

r.   failing to design the CLOW F2500 to avoid an unreasonable risk of harm when the product is used in the intended and/or foreseeable manner;

s.   failing to utilize alternative, feasible designs for the CLOW F2500 to avoid an unreasonable risk of harm when the product is used and/or operated in the intended and/or foreseeable manner;

t.   failing to investigate, retain, and analyze prior accident information; and

u.   failing to exercise reasonable care under all the circumstances.

25.   As a direct and proximate result of the carelessness, negligence, gross negligence and recklessness of Defendants, Plaintiff Thomas Price was caused to sustain serious and disabling personal injuries.

26.   As a direct and proximate result of the carelessness, negligence, gross negligence and recklessness of Defendants, Plaintiff has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time into the future, to his great detriment and loss.

27.   As a direct and proximate result of the carelessness, negligence, gross negligence and recklessness of Defendants, Plaintiff has suffered great loss and depreciation of his earnings and earning power and he will continue to suffer such losses for an indefinite time in the future, to his great detriment and loss.

28.     As a direct and proximate result of the carelessness, negligence, gross negligence and recklessness of Defendants, Plaintiff has been unable to attend to his daily duties and occupation as usual and he will be unable to attend to the same as usual for an indefinite time in the future, to his great detriment and loss.

29.     As a direct and proximate result of the carelessness, negligence, gross negligence and recklessness of Defendants, As a result of the aforementioned collision, Plaintiff may be compelled to expend sums of money for medicines and medical attention, which exceed sums recoverable under 75 Pa. C.S. § 1711, in an effort to affect a cure of his aforesaid injuries, and he will be obliged to expend such sums for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiffs claim of Defendants a sum in excess of Fifty Thousand ($50,000.00) Dollars in damages, exclusive of interest and costs and for delay damages, and brings this action to recover same.

## COUNT II – STRICT LIABILITY

30.     Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

31.     Defendants by and through their agents, servants, workers, contractors, suppliers, distributors and employees, breached their duties under §402A of the Restatement (Second) of Torts, by designing, manufacturing, assembling, distributing selling and/or supplying the CLOW F2500 in a defective manner.

32.     Defendants are engaged in the business of designing, assembling, manufacturing, distributing, selling, and/or supplying the CLOW F2500 which caused injury to Plaintiff Thomas Price.

33.     The CLOW F2500 was marketed and put into the stream of commerce by Defendants.

34.     The CLOW F2500 was expected to, and did reach users, including Plaintiff Thomas Price without substantial change in the condition in which it was designed, manufactured, assembled, distributed, sold, and/or supplied.

35.     The CLOW F2500 was distributed, sold and/or supplied by Defendants in a defective condition for the reasons set forth below.

36.     Defendants, by and through their agents, servants, workers, contractors, suppliers, distributors and employees, breached their duties under §402A of the Restatement (Second) of Torts, by designing, manufacturing, assembling, distributing, selling and/or supplying a product designed in a defective manner as follows:

      a.     designing, manufacturing, assembling, distributing, selling and/or supplying the CLOW F2500 in a defective condition;

      b.     designing, manufacturing, assembling, distributing, selling and/or supplying the CLOW F2500 so that it was unreasonably dangerous to their intended and foreseeable users;

      c.     designing, manufacturing, assembling, distributing, selling and/or supplying the CLOW F2500 that was not safe for all of its intended and foreseeable purposes and uses;

      d.     designing, manufacturing, assembling, distributing. selling and/or supplying the CLOW F2500 which lacked every safety element that was necessary to protect users of said product;

      e.     designing, manufacturing, assembling, distributing, selling and/or supplying the CLOW F2500 without adequate, necessary, and proper warnings and/or instructions;

      f.     failing to provide users with adequate, necessary, and proper instructions for inspection and preventative maintenance of the CLOW F2500;

      g.     failing to warn users of about the dangers of the CLOW F2500 and how to use the product safely to avoid injury;

h.   designing, manufacturing, assembling, distributing, selling and/or supplying a product that could be designed more safely;

i.   designing, manufacturing, assembling, distributing, selling and/or supplying a fire hydrant that was prone to the top bolt discharging at a high rate of speed;

j.   designing, manufacturing, assembling, distributing, selling and/or supplying a fire hydrant with component parts that were of insufficient strength and durability and were prone to corrosion/deterioration;

k.   designing, manufacturing, assembling, distributing, selling and/or supplying a fire hydrant with top bolts that were prone to discharging during operation/testing;

l.   designing, assembling, manufacturing, supplying, selling, installing and/or distributing a fire hydrant that failed to perform as safely as an ordinary consumer would expect when used in an intended and/or foreseeable manner;

m.   designing, assembling, manufacturing, supplying, selling, installing and/or distributing a fire hydrant which deviated from the intended design of the CLOW F2500;

n.   failing to design the CLOW F2500 to avoid any unreasonable risk of harm to anyone who is likely to be exposed to danger when the product is used in the intended and/or foreseeable manner;

o.   failing to provide, and/or instruct purchasers to use, a hydrant wrench that would avoid or minimize the risk of the top bolt discharging during operation of the CLOW F2500;

p.   failing to utilize alternative, feasible designs for the CLOW F2500 so as to avoid any unreasonable risk of harm to anyone who is likely to be exposed to danger when the product is used in the intended manner or as foreseeably used;

q.   failing to investigate, retain, and analyze prior accident information; and

r.   failing to exercise reasonable care under all the circumstances.

37.   At all relevant times hereto, the CLOW F2500 was used and employed for the purpose for which it was designed and manufactured and was used in a foreseeable manner.

38.     As a direct and proximate result of the carelessness, negligence, gross negligence and recklessness of Defendants, Plaintiff Thomas Price was caused to sustain serious and disabling personal injuries.

39.     As a direct and proximate result of the carelessness, negligence, gross negligence and recklessness of Defendants, Plaintiff has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time into the future, to his great detriment and loss.

40.     As a direct and proximate result of the carelessness, negligence, gross negligence and recklessness of Defendants, Plaintiff has suffered great loss and depreciation of his earnings and earning power and he will continue to suffer such losses for an indefinite time in the future, to his great detriment and loss.

41.     As a direct and proximate result of the carelessness, negligence, gross negligence and recklessness of Defendants, Plaintiff has been unable to attend to his daily duties and occupation as usual and he will be unable to attend to the same as usual for an indefinite time in the future, to his great detriment and loss.

42.     As a direct and proximate result of the carelessness, negligence, gross negligence and recklessness of Defendants, As a result of the aforementioned collision, Plaintiff may be compelled to expend sums of money for medicines and medical attention, which exceed sums recoverable under 75 Pa. C.S. § 1711, in an effort to affect a cure of his aforesaid injuries, and he will be obliged to expend such sums for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiffs claim of Defendants a sum in excess of Fifty Thousand ($50,000.00) Dollars in damages, exclusive of interest and costs and for delay damages, and brings this action to recover same.

## COUNT III - BREACH OF IMPLIED WARRANTY

43.     Plaintiffs incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

44.     In designing, manufacturing, assembling, distributing, selling and/or supplying the CLOW F2500, Defendants impliedly warranted and represented that the product was merchantable and fit and safe for its intended use and the ordinary purposes for which it was sold, and that the CLOW F2500 was free from defects.

45.     The CLOW F2500 and its component parts as designed, manufactured, assembled, distributed, sold and/or distributed were not safe for their intended use and, a result, breached the implied warranty of merchantability.

46.     Defendants' breach of the warranty of merchantability was a substantial factor in, a factual cause of, and/or increased the risk of injury to Plaintiff Thomas Price.

47.     As a direct and proximate result of the carelessness, negligence, gross negligence and recklessness of Defendants, Plaintiff has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time into the future, to his great detriment and loss.

48.     As a direct and proximate result of the carelessness, negligence, gross negligence and recklessness of Defendants, Plaintiff has suffered great loss and depreciation of his earnings and earning power and he will continue to suffer such losses for an indefinite time in the future, to his great detriment and loss.

49.     As a direct and proximate result of the carelessness, negligence, gross negligence and recklessness of Defendants, Plaintiff has been unable to attend to his daily duties and occupation as usual and he will be unable to attend to the same as usual for an indefinite time in the future, to his great detriment and loss.

50.     As a direct and proximate result of the carelessness, negligence, gross negligence and recklessness of Defendants, As a result of the aforementioned collision, Plaintiff may be compelled to expend sums of money for medicines and medical attention, which exceed sums recoverable under 75 Pa. C.S. § 1711, in an effort to affect a cure of his aforesaid injuries, and he will be obliged to expend such sums for an indefinite time in the future, to his great detriment and loss.

WHEREFORE, Plaintiffs claim of Defendants a sum in excess of Fifty Thousand ($50,000.00) Dollars in damages, exclusive of interest and costs and for delay damages, and brings this action to recover same.

## COUNT IV - LOSS OF CONSORTIUM

51.     Plaintiffs incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

52.     At the time of the incident complained of, Plaintiffs were married and continue to be married.

53.     As a direct and proximate result of the wrongful and negligent acts of Defendants, and each of them, as described above, Plaintiff Lisa Price was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, all to the detriment of her marital relationship with Plaintiff Thomas Price.

54.     These losses, injuries and damages were caused solely and proximately by the negligence of the Defendants.

WHEREFORE, Plaintiffs claim of Defendants a sum in excess of Fifty Thousand ($50,000.00) Dollars in damages, exclusive of interest and costs and for delay damages, and brings this action to recover same.

## COUNT V - PUNITIVE DAMAGES

55.     Plaintiffs incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

56.     At all times material hereto, Defendants knew or should have known that their CLOW F2500 and its component parts as designed, manufactured, assembled, sold and/or distributed were inherently dangerous with respect to the risk of the stem assembly and top bolt malfunctioning and causing serious, disabling injuries to their users.

57.     At all times material hereto, Defendants attempted to misrepresent and did misrepresent facts concerning the safety of their CLOW F2500 and components.

58.     Defendants' misrepresentations included knowingly withholding material information from the public and consumers alike, including Plaintiff Thomas Price, concerning the safety of the CLOW F2500 and components.

59.     At all times material hereto, Defendants knew and recklessly disregarded the fact that the stem assembly and top bolt of their CLOW F2500 could malfunction and cause serious, disabling, and permanent injuries to its users such as Plaintiff Thomas Price, including but not limited to permanent, disfiguring, and disabling facial injuries.

60.     Notwithstanding the foregoing, Defendants continued to aggressively market their CLOW F2500 without disclosing the aforesaid risks.

61.     Defendants knew or should have known their CLOW F2500 and its component parts as designed, manufactured, assembled, sold and/or distributed included the risk of the stem assembly and top bolt malfunctioning and causing serious injuries to users, but Defendants intentionally concealed and/or recklessly failed to disclose that risk and continued to market, distribute, and/or sell their CLOW F2500 without adequate warnings or, alternatively, remove the product in its entirety from the market, so as to maximize sales and profits in conscious and/or negligent disregard of the foreseeable harm caused by their product.

62.     Defendants' intentional and/or reckless failure to disclose information deprived users such as Plaintiff Thomas Price of necessary information to enable them to weigh the true risks of operating the CLOW F2500.

63.     As a direct and proximate result of Defendants' willful, wanton, careless, reckless, conscious, and deliberate disregard for the rights and safety of their customers and foreseeable users, Plaintiff Thomas Price was caused to sustain serious and disabling personal injuries.

64.     Defendants' aforesaid conduct was committed with knowing, conscious, careless, reckless, willful, wanton, and deliberate disregard for the rights and safety of users, including Plaintiff Thomas Price, thereby entitling Plaintiffs to punitive damages in an amount appropriate to punish Defendants and deter them from similar conduct in the future.

WHEREFORE, Plaintiffs claim of Defendants a sum in excess of Fifty Thousand ($50,000.00) Dollars in damages, exclusive of interest and costs and for delay damages, and brings this action to recover same.

KOLSBY, GORDON, ROBIN & SHORE

By: _____

F. PHILIP ROBIN
MITCHELL J. SHORE
SARAH O. SCHINDLER
*Counsel for Plaintiffs*

Date: 9-17-19

## VERIFICATION

Plaintiffs, Thomas Price and Lisa Price, hereby state that they are the Plaintiffs in the within matter, and as such verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of their knowledge, information, and belief. The undersigned understand that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

BY: _____
THOMAS PRICE

DATE: 8-1-19

BY: _____
LISA PRICE

DATE: 8/1/19